JOSEPHINE S. SWAN, et als.,
Appellants from Decree of Judge of Probate.

Penobscot.    Opinion July 8, 1916.

*Effect of decree of Supreme Court of Probate dismissing an appeal from Probate Court. Probate Appeal.*

Where, upon appeal by an executor of an insolvent estate from the decree of the Judge of probate disallowing the private claim of such executor, the supreme court of probate decrees that the appeal be sustained, the decree below reversed and the claim ordered for hearing before the Judge of probate, and, the Judge of probate having thereupon, without hearing the parties, entered a decree allowing such claim, the creditors of the deceased testate appeal from such decree:

*Held:*

1. That the reversal of the prior decree of the Judge of probate was to annul the decree and no more.
2. That it was the duty of the probate court to hear the parties.
3. That under R. S., Chap. 65, sec. 33, the supreme court of probate may combine two of the acts thereby authorized, provided they be not inconsistent.
4. That the exceptions to the decree of the supreme court of probate dismissing the creditors' appeal must be sustained and the case remanded to the supreme court of probate for further proceedings in accordance with the opinion.

Appeal from the decree of Judge of probate, Penobscot county, State of Maine.  In supreme court of probate, appellee filed motion

to dismiss appeal. Motion allowed. Appeal dismissed. Exceptions filed to ruling of court. Exceptions sustained and case remanded to the supreme court of probate for further proceedings in accordance with opinion.

Case stated in opinion.

*Hudson & Hudson,* for appellants.

*W. H. Powell,* for appellee.

SITTING: SAVAGE, C. J., KING, BIRD, HANSON, MADIGAN, JJ.

BIRD, J. An appeal from the Judge of probate of Penobscot county, allowing the private claim of the executrix of the last will and testament of Edward T. Spencer, who died at Oldtown, his residence, November 15 or 16, 1905. His will was allowed and his widow, Mary E. Spencer, appointed executrix in February, 1906. The estate was represented insolvent and commissioners appointed to determine the claims of unpreferred creditors in April, 1907. Their report was filed in December, 1907, and accepted December 13, 1911.

On the fifth day of June, 1914, the executrix filed in the probate court her petition that her private claim against the estate of testate, in the amount of $6,353.90 be allowed by the Judge of probate, annexed to the list of claims allowed and a proportional dividend decreed to her. Upon notice and hearing, the Judge of probate decreed the disallowance of the claim.

The claim of the executrix was based upon two notes made by the testator in his life time, payable to order of Mary E. Spencer on demand, one dated April 2, 1903 for the sum of $4,000 and witnessed, upon which payment of $672, was made February 21, 1905, and the other dated February 22, 1905, for the sum of $400.

From the decree of the Judge of probate the executrix appealed to the supreme court of probate, where, after hearing, it was decreed that the appeal be sustained, the decree below reversed and "the claim ordered for a hearing before the Judge of probate." The Judge of probate thereupon, without hearing the parties, allowed the claim of the executrix in the sum of $6353.90. To this decree, Josephine S. Swan and other claimants, creditors of the estate, took their appeal to the supreme court of probate, upon

the ground that further hearing upon the claim was denied by the Judge of probate and that the note of February 22, 1915, was barred by the statute of limitations. In the supreme court of probate, the appellee filed her motion to dismiss upon the ground "that said appeal was not taken from any order, sentence, decree or denial of said Judge of probate as contemplated by the statutes." Upon this motion the appeal was dismissed and the claimants named had exceptions.

We think the exceptions should be sustained. By the decree of the supreme court of probate, the decree of the probate court, refusing allowance of the claim of executrix was reversed. Its effect was to annual the decree and no more. The supreme court of probate might have proceeded further and determined whether the claim should be allowed in full or in part. It did not do so but contented itself with decreeing reversal and a further hearing by the Judge of probate. The reversal left no decree in force and made no decree or order as to the decree which should be entered. There being no decree of the probate court and none ordered by the appellate court, under the decree it was the duty of the probate court to hear the parties, all defenses to the claim, not passed upon by the supreme court of probate in its findings upon the reasons of appeal, being open. With this restriction the proceedings stood as if no decree had ever been entered. See *Donnell*, aplt., 114 Maine, 324, 326, 327.

The contention that the supreme court of probate could not decree both reversal and a further hearing by the Judge of probate cannot be entertained. The statute, R. S., c. 65, sec. 33, it is true, declares that the supreme court of probate may reverse or affirm the decree appealed from, pass such decree as the Judge of probate ought to have passed, remit the case to the probate court for further proceedings or make any order therein that the law and justice require. We think that under the power conferred to make any order that law and justice require, the supreme court of probate has the power to combine in its decree two or more of the acts authorized provided they be not inconsistent.

The exceptions are sustained and the case remanded to the supreme court of probate for further proceedings in accordance with this opinion.